*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    520222
_____

In the Matter of the Claim of
   JOSHUA A. ARNOLD,
                Respondent.

JUST ENERGY NEW YORK
   CORPORATION,                              MEMORANDUM AND ORDER
                Appellant.

COMMISSIONER OF LABOR,
                Respondent.

(And 14 Other Related Proceedings.)
_____

Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

     Barclay Damon LLP, Buffalo (Laurence B. Oppenheimer of counsel), for appellant.

     Francis J. Smith, Albany, for Joshua A. Arnold and others, respondents.

     Eric T. Schneiderman, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.

_____

McCarthy, J.P.

     Appeals from 30 decisions of the Unemployment Insurance Appeal Board, filed March 4, 2014, which, among other things, ruled that Just Energy New York Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimants and other similarly situated marketing

representatives.

Just Energy New York Corporation, an energy service company that provides residential and commercial customers with fixed-priced contracts for electricity and natural gas, retained the services of Just Energy Marketing Corporation (hereinafter collectively referred to as Just Energy) to assist it with obtaining energy contracts from customers located within its jurisdiction.  Claimants worked as marketing representatives for Just Energy.  After their employment ended, claimants applied for unemployment insurance benefits.  The Unemployment Insurance Appeal Board subsequently ruled that claimants were employees of Just Energy and that Just Energy was liable for additional unemployment insurance contributions on remuneration paid to claimants and other similarly situated marketing representatives. Just Energy appeals from the Board's decisions.

On the issue of whether an employment relationship existed, the relevant facts regarding Just Energy's relationship with claimants are virtually identical to those examined in Matter of Cohen (Just Energy Mktg. Corp.—Commissioner of Labor) (117 AD3d 1112, 1113 [2014], appeal dismissed 24 NY3d 928 [2014]).  For the reasons discussed in that decision, substantial evidence supports the Board's determinations that claimants were employees (see id.; Matter of Lamar [Eden Tech., Inc.— Commissioner of Labor], 109 AD3d 1038, 1039 [2013]).

Egan Jr., Rose and Lynch, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court